**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

TD BANK, N.A. as successor by merger to TD
AUTO FINANCE, LLC,

        Plaintiff,

v.

CITY OF PASSAIC and ESSEX COUNTY
RECOVERY BUREAU TOWING AND
RECOVERY,

        Defendants.

(Electronically Filed)

Civil Case No.:

**COMPLAINT**

Plaintiff, TD Bank N.A., as successor by merger to TD Auto Finance, LLC ("TD"), as and for its Complaint against Defendants, Essex County Recovery Bureau Towing and Recovery ("ECRB") and the City of Passaic ("Passaic"), alleges:

**<u>NATURE OF ACTION</u>**

1.      Passaic regularly seizes vehicles as part of its law enforcement activity but has no constitutionally appropriate procedure for disposing of seized vehicles consistent with the basic due process requirements of notice and a hearing. Instead, Passaic employs the outdated and constitutionally unsound practice of summarily turning over control of seized vehicles to the private company that towed and stored the vehicle when Passaic seized it. In this regard, Passaic's policy is to enlist a garage to tow and store vehicles and allow those garages to lien and/or sell the vehicle as a means to cover the costs of towing and storage.

2.      Passaic's policy and practice of summarily turning over seized vehicles to private tow companies is a joint enterprise from which Passaic benefits by avoiding the cost of preserving the seized vehicles and by avoiding the cost of having to pay for towing services, because the tow company accepts the vehicle as compensation for the services it renders to

Passaic in lieu of money. The tow company benefits by using its control over the vehicle (created under the mantle of Passaic's authority) to profit by selling the vehicle or by conditioning release of the vehicle upon payment of money to the tow company.

3.      Here, after seizing a vehicle on which TD holds a lien, Passaic afforded no due process to TD and instead summarily disposed of its interests in that vehicle by giving it to ECRB as payment for the services that Passaic had contracted ECRB to provide. ECRB accepted the vehicle from Passaic as compensation, asserted an *ex parte* lien for those services, demanded that TD satisfy that *ex parte* lien—which ECRB insisted took priority over TD's lien—before it would relinquish possession of TD's collateral. At no time was TD afforded notice, a hearing, or just compensation for Passaic's deprivation of TD's rights in its collateral.

## JURISDICTION AND VENUE

4.      This is a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988 for deprivation of TD's rights secured by the Fourth, Fifth and the Fourteenth Amendments to the United States Constitution, and accordingly jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), as well as 28 U.S.C. § 1331.

5.      The remaining causes of action are appropriate pursuant to 28 U.S.C. § 1367 for interrelated state law claims that arise from the occurrences giving rise to the Federal claims, which have a common nucleus of operative fact.

6.      Venue lies in the Court pursuant to 28 U.S.C. § 1391(b)(1), because the Defendants reside in this district, and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

7.      TD is a foreign corporation authorized to do business in New Jersey, and is in the business of taking assignments of retail installment contracts and holding the associated lien interests in vehicles, including being the duly perfected lienholder in the vehicle which is the subject of this action, a 2016 Ford F-350 Super Duty SRW bearing VIN 1FT8W3BT4GED34409 (the "Vehicle").

8.      Defendant Passaic is a municipality organized and existing under the laws of the State of New Jersey.

9.      Defendant ECRB is, upon information and belief, a corporation incorporated in the State of New Jersey which is engaged in the business of towing and storing motor vehicles.

**FACTS**

**TD's interest in the Vehicle**

10.      TD holds a duly perfected security interest in the Vehicle.

11.      Before December 24, 2024, and before any other facts relevant to this action, non-party Primary Water and Sewer, LLC (the "Customer") entered into a retail installment contract to finance the purchase of the Vehicle, which contract was assigned to TD. By virtue of that transaction, TD obtained and perfected a security interest in the Vehicle.

12.      Before, on, and after December 24, 2024, TD held and continues to hold a first priority lien interest in the Vehicle, which has been duly recorded on the title to the Vehicle.

13.      Before December 24, 2024, the Customer defaulted on the payment obligations under the retail installment contract, thereafter entitling TD to immediate possession of the Vehicle.

3

14. By virtue of Passaic's seizure of the Vehicle, and by virtue of amount ECRB claimed by way of possessory lien on the Vehicle, the Customer was also, and further, in non-monetary default of the terms of the retail installment contract, thereafter, also further entitling TD to immediate possession of the Vehicle.

**Passaic seized the Vehicle, in which TD held a protected interest, and gave it to ECRB for disposal**

15. On or about December 24, 2024, ECRB actively and regularly towed and stored vehicles at the direction of Passaic police officers acting in the regular course of their duties as law enforcement officers.

16. On or about December 24, 2024, Passaic took custody of the Vehicle and instructed ECRB to tow it from the roadway and store it at Passaic's direction.

17. TD had no involvement with or knowledge of the operation of the Vehicle at the time it was seized by Passaic Police and/or ECRB.

18. Passaic did not have a warrant or other court order relating to its seizure of the Vehicle.

19. Passaic did not hold any hearing relating to its seizure of the Vehicle, either before or after seizing it and instructing ECRB to tow it.

20. On or about January 3, 2025, TD discovered that the Vehicle had been impounded. Specifically, on or about that date TD received a "Notice of Towed-Stored Vehicle" from ECRB dated December 27, 2024, stating that the Vehicle had been impounded and/or towed by the Passaic Police Department. A true and correct copy of the December 27, 2024 Correspondence is attached hereto as **Exhibit A**.

21.     Upon learning that the Vehicle was impounded, TD demanded that the Vehicle be released to it, and ECRB refused unless TD paid the fees demanded by ECRB in order to recover the Vehicle.

22.     When TD contacted ECRB to recover the Vehicle, ECRB demanded payment of towing and storage charges in the amount of $2,240.94 plus daily accruing storage fees of $125 plus tax per day as a condition for release of the Vehicle.

23.     ECRB asserted that it was able to detain the Vehicle from TD because ECRB claimed a lien on the Vehicle for towing and storage charges.

24.     Defendants also placed other conditions on the release of the Vehicle to TD, such as requiring TD to first obtain a police release form from the Passaic Police Department.

25.     Passaic did not have a warrant or other court order relating to the detention of the Vehicle nor the conditions placed on the release of the Vehicle.

26.     Passaic did not hold any hearing relating to the detention of the Vehicle nor the conditions placed on the release of the Vehicle.

27.     TD did not pay the fees demanded by ECRB and did not comply with any other conditions placed on the release of the Vehicle, and ECRB refused to release the Vehicle to TD.

28.     Upon information and belief, ECRB remains in possession of the Vehicle.

29.     Passaic benefited from ECRB's detention of the Vehicle, in that Passaic obtained ECRB's impound storage services, as well as ECRB's towing services to clear the roadway, with no payment (or reduced payment) of money from Passaic to ECRB.

30.     ECRB only possessed the Vehicle by virtue of its relationship with Passaic and acted in concert with Passaic to seize, detain and dispose of the Vehicle. ECRB had no other

right to remove the Vehicle from the roadway and hold it against anyone. ECRB, therefore, acted under color of law when it towed, stored and/or disposed of the Vehicle.

31.     To the extent Passaic or ECRB show compliance with any New Jersey State law, those laws are facially unconstitutional insofar as they violate the Fourth and Fourteenth Amendments to the United States Constitution.  In the alternative, should this Court not agree that these laws are unconstitutional on their face, Defendants' application of those laws in this instance are unconstitutional as applied to the circumstances under which Defendants seek to utilize them, *i.e.* as applied to Defendants' seizure and detention of the Vehicle.

**Passaic's and ECRB's regular policies, customs and/or practices for the detention and disposal of seized vehicles**

32.     Passaic's and ECRB's conduct in relation to TD and the Vehicle on and after December 24, 2024, comported with both Passaic's and ECRB's regular policies, customs and/or practices for the handling of Vehicles encountered and impounded under the same or similar circumstances.

33.     Passaic carries out its essential functions through its own police, who, among other things, seize vehicles for a variety of reasons ranging from alleged criminal infractions to parking violations.

34.     Passaic delegates a portion of the performance of these essential functions to ECRB. Specifically, Passaic police utilize ECRB to tow away, store and dispose of vehicles seized by Passaic police acting in the course of their duties as law enforcement officers.  In essence, ECRB is Passaic's vehicle impound contractor for the area relevant to this action.

35.     Pursuant to this relationship, Passaic exercises governmental authority to seize vehicles in concert with ECRB.

6

36.     Regardless of the reason for Passaic's initial seizure of a given vehicle, Passaic does not return those vehicles to a person with a preexisting property interest when the justification for Passaic's seizure has passed.  Instead, Passaic places seized vehicles in the possession of its tow operators, including ECRB, for storage and ultimate disposal, permitting ECRB to assert an *ex parte* possessory lien to secure payment of charges relating to the towing, storage, and disposal of the seized vehicles, and to place other conditions on the release of such vehicles.

37.     ECRB accepts the seized vehicles from Passaic as either partial or total payment for the towing and storage services ECRB provides to Passaic.

38.     Rather than receiving monetary compensation from Passaic for the services Passaic has contracted ECRB to provide, ECRB instead impresses an *ex parte* possessory lien for towing and storage fees, which it claims supersedes any other persons' rights in these vehicles.

39.     After assessing an *ex parte* possessory lien on impounded vehicles, ECRB refuses to return possession of the vehicles to any other person, even those with pre-existing property rights in the vehicles, while claiming additional daily storages charges.

40.     To effectuate eventual disposal of an impounded vehicle, Defendants insist persons with preexisting property interests satisfy ECRB's *ex parte* possessory lien, and further asserts that if this unilateral condition is not satisfied, Defendants can take title to, and/or sell, the impounded vehicles and eliminate all other persons interest in those vehicles.

41.     Passaic benefits from ECRB's assertion of an *ex parte* lien on, and eventual sale of, seized vehicles. Without ECRB's conduct, Passaic would be forced to pay monetary consideration to ECRB for the services ECRB provides Passaic instead of compensating ECRB with possession and authority to assert a lien on the impounded vehicles.  Moreover, upon

information and belief, ECRB pays a portion of the proceeds it obtains from others back to Passaic as part of its agreement(s) with Passaic.

42.     It is Passaic's and ECRB's regular policy and custom, in the course of the above-described conduct, to not obtain a warrant for any of the following actions (for which no valid exception to the warrant requirement exists):

A.     Passaic's initial seizure of a vehicle;

B.     Passaic's turnover of possession of a vehicle to ECRB;

C.     Passaic and/or ECRB's continued detention of a vehicle while ECRB asserts an *ex parte* possessory lien and Defendants place other conditions on the release of such a vehicle; and

D.     ECRB taking title to, and/or selling, a vehicle while terminating all property interests in a vehicle.

43.     Even if the initial seizure of the vehicles in question were made under a valid exception to the Fourth Amendment's warrant requirement, a (possibly) valid initial warrantless seizure does not justify any action Passaic or ECRB decide to take thereafter, as referenced in ¶ 42 (B-D), *supra*. Rather, Passaic and ECRB's subsequent actions render the seizures unreasonable in their manner of execution, even if done with an initially valid exception to the warrant requirement.

44.     It is also Passaic's and ECRB's regular policy and custom, in the course of the above-described conduct, to not provide any form of constitutionally adequate notice, nor any hearing whatsoever, in relation to any of the following actions:

A.     Passaic's initial seizure of a vehicle;

B.     Passaic's turnover of possession of a vehicle to ECRB;

C.     Passaic and/or ECRB's continued detention of a vehicle while ECRB asserts an ex parte possessory lien and Defendants place other conditions on the release of such a vehicle; and

D.    ECRB taking title to, and/or selling, a vehicle while terminating all property interests in a vehicle.

45.    Any *notification(s)* transmitted by Passaic and/or ECRB relating to the conduct referenced in ¶ 44 (A)-(D) does not satisfy the constitutional due process requirement of *notice*, because these communications are merely notifications of Passaic's and/or ECRB's unilateral demands, and not notice of an opportunity to be heard (which does not occur).

46.    Passaic does not compensate persons with pre-existing property interests for its use of such seized vehicles, *i.e.* Passaic's use of seized vehicles to compensate ECRB.

47.    These actions, all taken in accordance with Passaic's and ECRB's regular policies and customs for seizing and disposing of seized motor vehicles, violate the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

48.    Passaic and ECRB knew or should have known that their actions violated the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

**The Necessity of Declaratory Relief**

49.    An actual controversy has arisen and now exists between TD, Passaic and ECRB warranting declaratory relief pursuant to 28 U.S.C. § 2201.

50.    TD therefore seeks, as a remedy in this action, a declaration that NJ Rev Stat § 2A:44-21 (2024) (the "Statute") is unconstitutional on its face.  The Statute states that:

> A garage keeper who shall tow, store, maintain, keep, or repair a motor vehicle or furnish gasoline, accessories or other supplies therefor, at the request or with the consent of the owner or the owner's representative, or at the request of a law enforcement officer of this State or any political subdivision of this State, shall have a lien upon the motor vehicle or any part thereof for the sum due for such towing, storing, maintaining, keeping, or repairing of such motor vehicle or for furnishing gasoline or other fuel, accessories or other supplies therefor, and may, without process of law, detain the same at any time it is lawfully in his possession until the sum is paid....

9

> The lien shall not be superior to, nor affect a lien, title or interest of a person held by virtue of… a prior security interest….
>
> A garage keeper shall only require that reasonable fees charged in accordance with a duly authorized fee schedule established by a municipality or other political subdivision of this State for non-consensual towing, authorized by a law enforcement officer of this State or by a political subdivision of this State, or for related storage services be paid by the operator, owner, lessor, or lienholder of the vehicle prior to the towing company's release of the vehicle. In the event the owner or operator of the vehicle defaults on payments to the lessor or lienholder of the vehicle, the lessor or lienholder shall be responsible for these reasonable towing and related storage fees.

N.J.S.A. § 2A:44-21 (West)

51.     The Statute authorizes an unreasonable seizure without a warrant or valid exception to the warrant requirement, in that it permits a garage, acting under color of law, to "detain" a vehicle subjected to a "non-consensual towing, authorized by a law enforcement officer," with no warrant, "until the sum is paid" for its alleged towing and storage fees. In other words, the Statute permits a state actor to interfere with possessory interests in a seized vehicle solely for the purpose of securing unadjudicated amounts of money allegedly owed by others.

52.     Moreover, the Statute authorizes the deprivation of pre-existing property rights in a vehicle "without process of law," subordinating those pre-existing rights to an alleged garage lien without affording any opportunity for a hearing before a neutral decision maker relating to the re-arranging of the property rights in such a Vehicle. And, because no such opportunity for a hearing is provided, the Statute also authorizes that deprivation without constitutionally appropriate notice of the non-existing hearing.

53.     Moreover, the Statute allows law enforcement to take pre-existing rights in a seized Vehicle, and encumber or destroy those rights, for the public purpose of enforcing the vehicle and traffic laws and clearing the roadway, without compensation to the holders of those pre-existing property rights.

10

54. No other provision of the Statute or New Jersey law cures these. The Statute, therefore, deprives affected vehicle owners and lienholders of property in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

55. The Statute fails to recognize that owners and holders of duly perfected security interests in a seized vehicle have constitutionally protected property rights that cannot be altered without notice and an opportunity for a hearing. The Statue also fails to recognize that a state actor cannot interfere with possession of property without a warrant or valid exception to the warrant requirement, with an allegation that someone owes an unadjudicated sum of money failing to supply the required exception. And the Statute fails to recognize that the government cannot take property for a private purpose (at all), nor for a public purpose without just compensation.

56. A dispute arises every time law enforcement subjects a vehicle to a non-consensual tow and, along with its tow company (like ECRB), relies on N.J.S.A. § 2A:44-21 to compensate the tow company for towing and storage fees incurred at the behest of those law enforcement officials.

57. TD seeks a declaration that N.J.S.A. § 2A:44-21 is so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see this flaw.

58. TD further seeks a declaration that Passaic's and ECRB's conduct constituting the deprivations described herein was null and void ab initio

**COUNT I**
**Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983**
**(Deprivation of Property by Unreasonable Seizure)**
**(as against all Defendants)**

59. TD realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

60.     TD is the holder of a protected property interest in the Vehicle.

61.     Defendants meaningfully interfered with TD's protected interest in the Vehicle by towing it, detaining it, withholding possession from TD, demanding payment and other conditions for release of it, and threatening to ultimately take ownership of it free from TD's lien.

62.     By these actions, Defendants acted under color of law to seize the Vehicle within the meaning of the Fourth Amendment to the United States' Constitution.

63.     Defendants' seizure of the Vehicle was unaccompanied by a warrant.

64.     Defendants' seizure of the Vehicle was unaccompanied by any legitimate exception to the warrant requirement. Alternatively, to the extent the initial seizure was accompanied by any arguably legitimate exception to the warrant requirement, it was carried out in an unreasonable manner insofar as the seizure exceeded the scope necessary to complete any legitimate task associated with the purported warrant exception for which the vehicle was seized.

65.     Defendants' seizure of the Vehicle was unreasonable in violation of the Fourth Amendment to the United States' Constitution.

66.     Defendants' unreasonable seizure of the Vehicle was accomplished in accordance with the Defendants' standard policy and/or custom for the handling and disposal of seized vehicles.

67.     As a direct and proximate result of Passaic's and ECRB's violation of TD's Constitutional right to be free from unreasonable seizures, TD has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its finance of the Vehicle, and other damages.

68.     TD is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** TD prays for (i) judgment against Defendants Passaic and ECRB, jointly and severally, for actual damages, consequential damages, punitive damages (as to ECRB only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; (ii) a declaration pursuant to 28 U.S.C. § 2201-2202 that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of persons subjected to those policies; (iii) a declaration pursuant to 28 U.S.C. § 2201-2202 that N.J.S.A. § 2A:44-21 is unconstitutional on its face as violating the Fourth Amendment of the United States' Constitution; and (iv) such other and further relief as the Court deems just and proper.

<u>**COUNT II**</u>
**Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983**
**(Deprivation of Property Without Due Process of Law)**
**(as against all Defendants)**

69.     TD realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

70.     TD is the holder of a protected property interest in the Vehicle.

71.     Passaic and/or ECRB's actions resulted in the deprivation of TD's protected property interests in the Vehicle.

72.     Neither Passaic nor ECRB had any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle before a judge or other neutral decisionmaker.

73.     Neither Passaic nor ECRB provided TD an opportunity to be heard in relation to any of either Defendants' actions in relation to the Vehicle in any venue at any time.

74.     Because neither Passaic nor ECRB provided any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle by a judge or other

neutral decisionmaker, neither provided TD with constitutionally adequate notice of that non-existent hearing procedure.

75. The manner in which TD became aware of Passaic's and ECRB's seizure of the Vehicle, as well as ECRB's continued possession of the Vehicle, did not constitute adequate notice for the purposes of due process.

76. Defendants' deprivation of TD's rights in the Vehicle was therefore accomplished without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

77. Defendants' deprivations of TD's rights in the Vehicle were accomplished in accordance with the Defendants' standard policy and/or custom for the handling and disposal of seized vehicles.

78. As a direct and proximate result of Passaic's and ECRB's violation of TD's Constitutional right to be free from deprivations without due process of law, LHDR has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its finance of the Vehicle, and other damages.

79. TD is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** TD prays for (i) judgment against Defendants Passaic and ECRB, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to ECRB only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (ii) a declaration pursuant to 28 U.S.C. § 2201-2202 that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of persons subjected to those policies; (iii) a declaration pursuant to 28 U.S.C. § 2201-2202 that N.J.S.A.

14

§ 2A:44-21 is unconstitutional on its face as violating the Fourteenth Amendment of the United States' Constitution; and (iv) such other and further relief as the Court deems just and proper.

**COUNT III**
**Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983**
**(Taking of Property Without Just Compensation)**
**(as against Passaic)**

80.    TD realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

81.    TD is the holder of a protected property interest in the Vehicle.

82.    Passaic compensated ECRB, in whole or in part, by turning over possession of the Vehicle to ECRB, who lawfully possessed the Vehicle only by virtue of having obtained it from Passaic.

83.    ECRB accepted the Vehicle as compensation, in whole or in part, for the services it provided to Passaic, namely the towing and storage of the Vehicle that Passaic had seized.

84.    Passaic destroyed TD's priority lien in the Vehicle, and its possessory rights pursuant to its contract with its Customer, by turning over the Vehicle to ECRB and permitting it to assert a possessory lien that both Defendants asserted took priority over TD's lien and prevented TD from exercising its contractual possessory rights in the Vehicle.

85.    Passaic thereby took TD's interests in the Vehicle—its right to possession of the Vehicle and its lien priority in the Vehicle—for a public use.

86.    Passaic did not compensate TD for the taking of its interest in the Vehicle.

87.    Passaic therefore took TD's property for public use without just compensation in violation of the takings clause of the Fifth Amendment to the United States' Constitution.

88.    Passaic's taking of TD's rights in the Vehicle was accomplished in accordance with Passaic's standard policy and/or custom for the handling and disposal of seized vehicles.

89.    As a direct and proximate result of Passaic's violation of TD's Constitutional right to be free from takings without just compensation, TD has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its finance of the Vehicle, and other damages.

90.    TD is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** TD prays for (i) judgment against Defendants Passaic and ECRB, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to ECRB only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (ii) a declaration pursuant to 28 U.S.C. § 2201-2202 that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of persons subjected to those policies; (iii) a declaration pursuant to 28 U.S.C. § 2201-2202 that N.J.S.A. § 2A:44-21 is unconstitutional on its face as violating the Takings Claus of the Fifth Amendment of the United States' Constitution; and (iv) such other and further relief as the Court deems just and proper.

**<u>COUNT IV</u>**
**Replevin**
**(as against ECRB only)**

91.    TD realleges and incorporates herein by reference to the allegations set forth in the prior points herein.

92.    TD holds a valid lien in the Vehicle and is entitled to possession pursuant to its retail installment contract with the Customer.

93.    TD has demanded that ECRB surrender the Vehicle to TD's possession.

94.     ECRB has refused, and continues to refuse, to surrender the Vehicle to TD's possession.

95.     TD is entitled to an order requiring ECRB to immediately turn over possession of the Vehicle to TD.

**WHEREFORE**, TD prays for judgment against Defendant ECRB for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

**COUNT V**
**Conversion**
**(as against ECRB only)**

96.     TD incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

97.     TD has a lien in the Vehicle, and in accordance with its rights under its retail installment contract with the Customer, has become entitled to immediate possession of the Vehicle.

98.     ECRB has refused, and continues to refuse, to surrender possession of the Vehicle to TD.

99.     By these actions, ECRB has purposefully, knowingly and/or intentionally exercised dominion and control over the Vehicle, wrongfully interfering with TD's rights to possession of the Vehicle.

100.    TD has suffered, and continues to suffer, damages as a result of ECRB's actions.

**WHEREFORE**, TD prays for judgment against Defendant ECRB for actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

<u>**COUNT VI**</u>
**Tortious Interference**
**(as against ECRB only)**

101.    TD incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

102.    ECRB wrongful actions as set forth above constitute a knowing and intentional tortious interference with TD's contractual relations and/or prospective economic advantage with respect to the Vehicle.

103.    TD has suffered, and continues to suffer, damages as a result of ECRB actions.

**WHEREFORE**, TD prays for judgment against Defendant ECRB for actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: April 2, 2025

**NORRIS McLAUGHLIN, P.A.**
Attorneys for Plaintiff

By:  _/s/  Nicholas A. Duston_
Nicholas A. Duston, Esq.
400 Crossing Blvd. 8th Fl.
Bridgewater, NJ 08807
naduston@norris-law.com
(908)-722-0700

18

## <u>LOCAL CIV. R. 11.2 CERTIFICATION</u>

I certify that, to the best of my present knowledge, information, and belief, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: April 2, 2025

**NORRIS McLAUGHLIN, P.A.**
Attorneys for Plaintiff

By: _/s/  Nicholas A. Duston_
Nicholas A. Duston, Esq.
400 Crossing Blvd. 8th Fl.
Bridgewater, NJ 08807
naduston@norris-law.com
(908)-722-0700

# EXHIBIT A

# Essex County Recovery Bureau

## 329 Broad Street (Rear)

Bloomfield, New Jersey, 07003
973-680-0097

## Notice Of Towed-Stored Vehicle

**Notice Date:**
**12-27-2024**

**Titled Owner:**

Primary Water& Sewer LLC

201 Rutgers Street

Maplewood,NJ 07040

**Schedule of Fees Charged To Vehicle**

Towing Fee $155.00

Storage at the rate of $35.00 Per Day

(subject to any additional fees as per statutes or ordinances)

Tax- Added to all charges except tow 6.625%

| Date of Possession | Year | Make | Model |
|---|---|---|---|
| 12-24-2024 | 2016 | Ford | F-350 Super Duty |

| Vehicle Description | State | Plate Number | Vehicle Identification Number |
|---|---|---|---|
| | NJ | | 1FT8W3BT4GED34409 |

This letter is to notify you that the above referenced vehicle has been impounded and/or towed by the **Passaic Police Department** on the above date and is being stored at **Essex County Recovery Bureau, Street Address: 65 Clifton Boulevard, City:NJ, State:Clifton, Zip:07011 Contact No.:973-390-5872**

As the vehicle owner, you are responsible for any and all charges as a result of this tow. The owner or lienholder of the motor vehicle may reclaim this vehicle with identification and proof of ownership, along with payment of all accrued charges. Note: The above charges may not include all fees due.

If this vehicle remains unclaimed for 30 days, it will be declared a nuisance and disposed of in accordance with applicable laws of the State of New Jersey. Charges will continue to incur until the vehicle is claimed or the vehicle is disposed of or sold. As the owner, you will be responsible for any balance, less any salvage/sale price.

Attention Lien Holders:The failure of the lien holder to exercise its right to reclaim the vehicle constitutes a waiver by the lien holder of all rights, title and interest in the vehicle and said lien holder consents to disposal/sale of the vehicle as provided by law.

Thank you for your immediate attention to this notice.

**Lien Holder:**

TD Auto Finance LLC

PO Box 675

Wilmington, OH, 45177